**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STATE OF WEST VIRGINIA, *ex. rel. John B. McCuskey, Attorney General*,<br><br>Plaintiff<br><br>v.<br><br>PENNSYLVANIA PUBLIC UTILITY COMMISSION, et. al.,<br>Defendants | CIVIL ACTION NO. 3:26-CV-02527<br><br>(MEHALCHICK, J.) |

**CASE ASSIGNMENT ORDER**

**AND NOW**, this 3rd day of September, 2026, upon consideration of the complaint commencing the above-captioned civil action, which has been assigned to the undersigned, **IT IS HEREBY ORDERED** that:

1. If service of the initial pleading cannot be made within the time required by the Federal Rules of Civil Procedure, counsel shall submit an appropriate motion for extension of time addressing the reasons for the delay and the course of action requested.

2. The court will issue an order setting a date and time for a mandatory case management conference in accordance with Federal Rule of Civil Procedure 16 and Local Rule of Court 16.1 following the filing of an answer or other responsive pleading.

3. It is essential that the answer or other responsive pleading be filed in the time provided by the Federal Rules. Counsel as well as *pro se* litigants shall not enter into agreements for extension of time without seeking court approval. Any such request shall be made by appropriate motion in conformity with the Local Rules.

4. The parties shall comply fully with Rule 26 and other provisions of the Federal Rules. Counsel shall not cease active discovery pending disposition of a motion to dismiss.

5. Increased use of Artificial Intelligence ("AI"), particularly Generative AI(including, but not limited to, OpenAI's ChatGPT or Google's Gemini), in the practice of law raises a number of practical concerns for the

Court, including the risk that the generative AI tool might generate legally or factually incorrect information, or that it might create unsupported or nonexistent legal citations. As such, any party, whether appearing *pro se* or through counsel, who utilizes any generative AI tool in the preparation of any document to be filed in any matter pending before Judge Mehalchick, must include with the document a Certificate of Use of Generative AI in which the party must disclose and certify:

a. The specific AI tool that was used;

b. The portions of the filing prepared by the AI program; and

c. That a person has checked the accuracy of any portion of the document generated by AI, including all citations and legal authority.

Failure to comply with this Order may result in sanctions. Further, all parties and counsel are directed to review the conclusions on pages 15 and 16 of the **Joint Formal Opinion of the Pennsylvania Bar Association and Philadelphia Bar Association regarding the use of Artificial Intelligence** and be mindful of their ethical and professional obligations before this Court.

6. The Middle District of Pennsylvania has adopted Electronic Case Filing Policies and Procedures at Standing Order No. 05-6. These procedures and this order are available on the Middle District's public website, www.pamd.uscourts.gov. Counsel are to register and familiarize themselves with the Electronic Case Filing system (ECF), as all filings are to be made using this system unless an exception is specifically authorized by the court.

7. Inquiries concerning scheduling matters, courtroom logistics, and other matters should be directed to chambers at (570) 207-5740.

**BY THE COURT:**

s/ Karoline Mehalchick

**KAROLINE MEHALCHICK**
**United States District Judge**